**RAISIN et al. v. UNITED STATES.**

**No. 11118.**

United States Court of Appeals
Sixth Circuit.

June 2, 1950.

Edward T. Kane, Detroit, Mich., for appellee.

Before ALLEN, MARTIN, and Mc-ALLISTER, Circuit Judges.

PER CURIAM.

The above cause came on to be heard upon the transcript of record, the briefs of the parties, and the argument of counsel. It appears that appellants were indicted in two separate indictments for the robbery of two national banks in the State of Michigan. Each indictment contained three counts, one of which charged the robbery of the banks with force and violence, and the other two counts charged the aggravated offense of placing certain persons' lives in jeopardy in violation of Title 12 U.S.C.A. § 588b.[1] On October 27, 1937, appellants pleaded guilty in both cases, and on October 29, 1937, sentences of twenty-five years were imposed upon appellants for violations described in the first indictment, and sentences of twenty-five years for violations in the second indictment, said sentences to run consecutively. On September 18, 1946, appellants filed a motion to vacate the conviction and the judgment; and on March 28, 1947, an order was entered by the District Court denying the said motion. Appellants claimed before the District Court that they did not have the aid of counsel when they entered pleas of guilty to the bank robbery charges; that they did not know that they were pleading guilty to an aggravated form of bank robbery; that they did not know that

1. Now 18 U.S.C.A. § 2113.

they were charged with two bank robberies; and that they were not advised of their right to counsel. It appears that on the day on which they entered their pleas in the District Court, appellant Raisin admitted that he and appellant Pyle committed the robberies in question, and that such admission was made to Richard F. Doyle, Chief Probation Officer for the United States District Court for the Eastern District of Michigan, the deposition of the said Doyle having been made a matter of record by order of this court. It further appears from the deposition of Corporal Russell Aldrich, of the Michigan State Police, and the deposition of Clarence Pettit, Deputy Clerk of the United States District Court for the Eastern District of Michigan, Northern Division, which have been made a matter of record by order of this court, that appellants each pleaded guilty definitely to both indictments, and that the District Judge receiving the said pleas, prior to the pleas of guilty, advised appellants of their constitutional rights to have counsel, and that they replied that they were guilty and had made a complete confession to the officers and were anxious to get the case over with, and did not desire to have counsel appointed for them. It further appears that prior to their sentences, appellants made confessions of their guilt of the said robberies. It further appears that after the above mentioned admission of guilt to Chief Probation Officer Doyle, and the confessions of the said appellants to the crimes with which they were charged in the indictments, inquiry was made of them by the District Judge as to whether they wished to have counsel, and upon their statement that they did not wish to have counsel, the District Court proceeded to the sentences and judgments entered in consideration of their pleas of guilty.

No question is raised by appellants as to the truth of their confessions and they make no denial of their guilt of the crimes charged in the indictments.

Upon consideration of the foregoing, and the court being duly advised, now, therefore, it is ordered, adjudged, and de-creed that the order of the District Court denying appellants' motion to vacate and set aside their sentences and the judgments entered thereon be and the same is hereby affirmed.